UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAINTING AND DECORATING CONTRACTORS OF AMERICA SOUTHERN NEVADA CHAPTER,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 15 LOCAL UNION 159 and WESTERN WALL & CEILING CONTRACTORS ASSOCIATION,<br><br>Defendants. | 2:07-CV-01271-LRH-LRL<br><br><u>ORDER</u> |

Before the court is Plaintiff Painting and Decorating Contractors of America Southern Nevada Chapter's ("PDCA") Motion to Voluntarily Dismiss Answer to Counterclaim and for Order Compelling Arbitration. (#41[1].) Defendant International Union of Painters and Allied Trades District Council 15 Local Union 159 ("the Union") filed an opposition (#43) to which Plaintiff replied (#45).

**I.  Facts and Procedural History**

PDCA is an employer association that entered into a collective bargaining agreement with

---

[1] Refers to the court's docket entry number

the Union effective July 1, 2007. In its first amended complaint, PDCA alleged that after the Union executed the collective bargaining agreement, it entered into a separate agreement with Western Walls and Ceilings Contractors Association ("WWCCA") that breaches the Union's obligations under the collective bargaining agreement.

On December 19, 2007, the Union filed an answer to the first amended complaint and asserted a counterclaim. The Union's counterclaim alleges that PDCA's complaint is subject to the grievance and arbitration procedure specified in their collective bargaining agreement, and therefore PDCA's claims should be referred to arbitration.

On March 27, 2008, the Union filed a motion to dismiss PDCA's first amended complaint for failure to exhaust a nonjudicial remedy. On September 17, 2008, pursuant to a stipulation between PDCA and the Union, PDCA filed a second amended complaint. The second amended complaint added WWCCA as a defendant, alleging that WWCCA breached obligations to PDCA by entering into its agreement with the Union.

On October 8, 2008, this court issued an order granting the Union's motion to dismiss. In its order, the court recognized that after the Union filed its motion to dismiss, PDCA filed a second amended complaint. Nevertheless, the court considered the motion to dismiss as through it were addressed to the second amended complaint because the second amended complaint did not materially alter the nature of PDCA's claims against the Union.

After the court issued its October 8, 2008, order, PDCA and WWCCA moved to voluntarily dismiss their claims against each other. Thus, the only claim is remaining in this action is the Union's counterclaim against PDCA.

**II.     Discussion**

PDCA now brings two motions. Its first motion asks this court to "dismiss its answer" to the Union's counterclaim in which PDCA denies that its case should be referred to arbitration. PDCA's second motion asks this court for an order compelling arbitration in accordance with the

Union's counterclaim.

The apparent catalyst for the present motions is the Union's reluctance to arbitrate PDCA's claims once this court granted the Union's motion to dismiss. In support of its motions, PDCA submits evidence that after this court issued its October 8, 2008, order, counsel for the Union indicated that the Union did not believe arbitration was appropriate because PDCA had waived its right to arbitration by filing suit in this court. (*See* October 21, 2008, Letter (#41) Ex. B.) Thus, PDCA now wants to compel arbitration that the Union originally sought but now apparently opposes.

The difficulty with PDCA's present motions is its failure to file any pleadings that support the relief it presently seeks. Therefore, in the interest of judicial economy the court will grant PDCA up to 30 days to file an amended complaint seeking to compel arbitration and such other relief as it may deem appropriate. Furthermore, because the Union's counterclaim and PDCA's answer to the counterclaim may bear upon the sufficiency of any amended complaint, the court denies PDCA's present motions without prejudice to bringing them at a later time.[2]

IT IS THEREFORE ORDERED that PDCA's Motion to Voluntarily Dismiss Answer to Counterclaim and for Order Compelling Arbitration (#41) is DENIED without prejudice.

IT IS FURTHER ORDERED that PDCA is granted up to 30 days to file an amended complaint.

IT IS SO ORDERED.

DATED this 18th day of June, 2009

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court denies the Union's motion to dismiss its counterclaim, without prejudice to bringing it at a later time, for the same reason.

3